RENDERED: DECEMBER 19, 2019
TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$ FINAL

## 2018-SC-000277-DG

DATE 1/21/2020

RICHARD D. FLOYD, IV M.D.,                                          APPELLANTS
NEW LEXINGTON CLINIC, P.S.C.

ON REVIEW FROM COURT OF APPEALS
V.                    CASE NO. 2017-CA-000120-MR
FAYETTE COUNTY CIRCUIT COURT NO. 13-CI-00221

CHARLOTTE A. NEAL AND                                               APPELLEES
CHARLOTTE A. NEAL, EXECUTRIX OF THE
ESTATE OF MICHAEL H. NEAL

## **OPINION OF THE COURT BY JUSTICE LAMBERT**
### **REVERSING**

Dr. Richard Floyd and New Lexington Clinic challenge the Court of

Appeals' holding that the Fayette Circuit Court erred when it declined to strike

a juror for cause. The only issues presented by this appeal are: (1) was the

error regarding the trial court's failure to strike the juror for cause properly

preserved for appellate review; and (2) did the trial court err by failing to strike

the complained-of juror for cause. After review, we reverse.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

This appeal originates from a medical malpractice suit brought against

Dr. Floyd and New Lexington Clinic by Charlotte Neal. Charlotte is the widow

of Michael Neal, the decedent in this case. Michael passed away due to

complications following open heart surgery performed by Dr. Floyd. Charlotte sued Dr. Floyd for medical negligence and wrongful death and brought a *respondeat superior* claim against his practice group, New Lexington Clinic. Following a jury trial, ten of the twelve jurors found that Dr. Floyd did not fail to meet the post-operative duty of care owed to Michael. Therefore, the case was dismissed.

Charlotte argued at the Court of Appeals that the trial court erred by refusing to strike Juror 4243 (Juror A) for cause. Dr. Floyd responded that Charlotte failed to properly preserve that alleged error for review. The Court of Appeals held that the error was properly preserved and that the trial court committed reversible error by failing to strike Juror A for cause.

Additional facts are discussed below as necessary.

## II. ANALYSIS

The parties' arguments to this Court are identical to those presented to the Court of Appeals: Charlotte asserts that the trial court erred by failing to strike Juror A for cause, while Dr. Floyd contends that the alleged error was not properly preserved for our review.

Dr. Floyd supports his contention by presenting three separate, yet interwoven, arguments: (1) Charlotte did not indicate on her strike sheet the jurors she would have used peremptory strikes on if she had not been required to use them on Juror A, and instead stated them orally on the record; (2) she moved the trial court for removal of one juror for cause, yet identified two

2

jurors she would have used peremptory strikes on; and (3) she identified the jurors she would have otherwise used her peremptory strikes on after both parties discussed their peremptory strikes with the court. These arguments demonstrate a need for this Court to clarify the procedure required to preserve the argument that a trial court erred by failing to strike a potential juror for cause. Therefore, as part of providing that clarity, a brief survey of the case law in this area is warranted.

A good starting point is *Shane v. Commonwealth.*[1] In *Shane,* we addressed whether the holding in *Morgan v. Commonwealth*[2] should be overruled.[3] *Morgan* held that use of peremptory challenges is not a substantial right.[4] Therefore, analysis under *Morgan* asked, "whether using a peremptory strike for a juror who should have been excused for cause had a reasonable probability of affecting the verdict," i.e. harmless error analysis.[5] *Morgan* focused on whether the jury itself was qualified, not on whether the process of selecting the jury was fair.[6] Therefore, if the jury that tried the case was qualified the trial was considered fair.[7] It did not matter that a litigant was

---

[1] 243 S.W.3d 336, 337 (Ky. 2007), *as modified* (Apr. 9, 2008).

[2] 189 S.W.3d 99 (Ky. 2006), *as corrected* (Jan. 25, 2006), *as modified* (May 3, 2006), *as modified on denial of reh'g* (May 18, 2006), *overruled by Shane v. Commonwealth,* 243 S.W.3d 336 (Ky. 2007).

[3] *Shane,* 243 S.W.3d at 337.

[4] *Id.* at 339.

[5] *Id.* at 341.

[6] *Id.*

[7] *Id.*

3

forced to exercise a peremptory strike on a juror that should have been struck for cause, because denial of a peremptory strike did not involve a litigant's substantial rights.[8]

*Shane* expressly overruled *Morgan* and held that use of peremptory strikes is a litigant's substantial right, making harmless error analysis inappropriate for appellate review.[9] Accordingly, *Shane* held it is reversible error if a litigant is forced to exercise a peremptory strike on a juror and the trial court abused its discretion in failing to strike said juror for cause.[10][11]

Two years later, we gave additional guidance about the steps required to preserve an error under *Shane*. In *Gabbard v. Commonwealth*,[12] this Court held for the first time that, "in order to complain on appeal that he was denied a peremptory challenge by a trial judge's erroneous failure to grant a for-cause strike, the [litigant] **must identify on his strike sheet** any additional jurors he would have struck."[13]

In the same year as *Gabbard*, we established an exception to the *Shane* and *Gabbard* rules in *King v. Commonwealth*.[14] *King* held that if the additional

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Of course, this rule assumes that the litigant has otherwise exhausted all her peremptory strikes.

[12] 297 S.W.3d 844 (Ky. 2009).

[13] *Id.* at 854 (emphasis added).

[14] 276 S.W.3d 270 (Ky. 2009).

jurors a litigant would have struck as identified on his strike sheet did not ultimately sit on the jury, the trial court's error is effectively cured and the litigant's substantive rights have not been violated.[15]

Four years later, in *Grubb v. Norton Hosps., Inc.*, we held that *Shane*, *Gabbard*, and their progeny apply to both civil and criminal jury trials.[16] Later the same year this Court rendered *Hurt v. Commonwealth*[17] and *Mackey v. Commonwealth*.[18] For our purposes in this case, *Hurt* did two things. First, it established that a litigant must indicate which jurors he would have used peremptory strikes on prior to the jury being empaneled, otherwise the error is unpreserved as untimely.[19] Second, the dicta in *Hurt* reinforced the notion that *Gabbard* requires strict compliance insofar as would-be peremptory strikes must be reflected on a litigant's strike sheet:

> Hurt exhausted all of his peremptory strikes and made a statement on the record immediately following the seating of the jury informing the trial court that had the motion to strike Juror 149 been granted, he would have used a peremptory strike to remove Juror 241...Despite making these declarations, **Hurt concedes that he failed to indicate on his strike sheet** before the jury was seated that he would have exercised a peremptory strike against Juror 241 had the trial court excused Juror 149 for cause. Hurt's challenges, arising after the seating of the jury, were untimely and therefore

---

[15] *Id.* at 279.

[16] 401 S.W.3d 483, 487 (Ky. 2013), *as modified* (May 29, 2013).

[17] 409 S.W.3d 327 (Ky. 2013).

[18] 407 S.W.3d 554 (Ky. 2013).

[19] *Id.* at 329.

5

insufficient to preserve the issue for appellate review under our *Gabbard* standard.[20]

In a similar yet more direct manner *Mackey* held that the *Gabbard* rule requires strict compliance:

> Appellant, however, has failed to preserve this alleged error for our review. As we stated in *Gabbard v. Commonwealth*, "[I]n order to complain on appeal that [the defendant] was denied a peremptory challenge by a trial judge's erroneous failure to grant a for-cause strike, the defendant must identify on his strike sheet any additional jurors he would have struck." 297 S.W.3d 844, 854 (Ky.2009). **Appellant admits that he failed to note on the strike sheet the two additional jurors whom he would have removed had the motion to strike been granted. Therefore, we decline to review whether the trial court erred in denying Appellant's motions to strike.**[21]

Notwithstanding these precedents, this Court made a drastic change to the *Gabbard* holding a year later in *Sluss v. Commonwealth*.[22] On appeal to this Court Sluss presented a myriad of alleged errors, but we ultimately granted him a new trial because the trial court erred by not striking a juror, Juror Booth, for cause.[23] At trial, Sluss did everything otherwise required to preserve the issue, but he failed to write his would-be peremptory strikes on

---

[20] *Id.* (emphasis added).

[21] *Mackey*, 407 S.W.3d at 558 (emphasis added).

[22] 450 S.W.3d 279 (Ky. 2014).

[23] *Id.* at 285.

his strike sheet.[24] Instead, Sluss stated them verbally on the record.[25] On the issue of whether the alleged error was preserved this Court held:

> As to juror Booth, the ultimate issue as to preservation is whether Sluss complied with our holding in *Gabbard* that the defendant must identify *on the strike sheet* other jurors he would have struck. Sluss alleges that he "substantially complied" with *Gabbard* by stating orally on the record, during a request for additional peremptory challenges, that if he was granted additional challenges he would have struck four additional jurors, which he listed by name. This list included Joyce Hedges, who eventually sat on the jury. Sluss argues that this statement on the record was enough to preserve his challenge under *Shane* and *Gabbard*. We agree.[26][27]

This was the entirety of the analysis on the issue of preservation. No supporting case law or reasoning for this change to the *Gabbard* rule was discussed. Further, the focus of *Sluss* was really about whether Juror Booth

---

[24] *Id.* at 284.

[25] *Id.*

[26] *Id.* at 284-85 (emphasis in original).

[27] Since *Sluss* was rendered, three cases have cited it to support the rule that it is sufficient to either write your would-be peremptory strikes on the record or state them verbally: **(1)** *Noel v. Commonwealth*, 2017-CA-001717-MR, 2019 WL 3763632, at *1 (Ky. App. Aug. 9, 2019) (holding the issue was preserved "under the doctrine of substantial compliance" because counsel stated the would-be peremptory strike verbally); **(2)** *Jackson v. Wall*, 2014-CA-000977-MR, 2016 WL 7414529, at *2 (Ky. App. Dec. 22, 2016) (holding the error was unpreserved because the "record contain[ed] no indication as to who counsel would have struck, orally or on the strike sheet.") and **(3)** *Swint v. Commonwealth*, 2014-SC-000369-MR, 2015 WL 9243521, at *2 (Ky. Dec. 17, 2015) (holding the error was preserved because the litigant stated the strikes "verbally and in writing" prior to the jury being empaneled).

7

could have been rehabilitated under *Montgomery v. Commonwealth*,[28] and to clarify the holding in that case:

> Over the past 22 years since *Montgomery*, our decisions on strikes for cause have meandered from one side of the road to the other. In recent times there have been volleys fired across the bow through strong dissents, suggesting that trial judges have allowed jurors to virtually talk themselves onto the jury...Many of our cases post-*Montgomery* regarding jury strikes for cause have contained shots across the bow. These have gone mostly unheeded. Today we fire directly into the bow.[29]

The point being, *Sluss* resulted in a major sea change in the *Gabbard* jurisprudence when at its core it was not even about *Gabbard*. Therefore, the potential problems with altering the *Gabbard* rule in such a way were not sufficiently fleshed out. The arguments presented to us in this case showcased those problems and require this Court to pause to reconsider the wisdom of *Sluss*. Accordingly, a definitive statement of the procedure required to preserve a for cause strike error is what we now aim to provide. We undertake this task with the knowledge that every jurisdiction, and in fact every judge, is different. Each have nuanced approaches to conducting jury selection and trial. But we aspire to establish a procedure structured enough to provide fairness to all parties, clear enough that litigants and courts may follow it

---

[28] 819 S.W.2d 713 (Ky. 1991) (holding there is no "magic question" that can be asked on voir dire to rehabilitate a juror who should be disqualified from service based on personal knowledge, past experience, or attitude).

[29] *Sluss*, 450 S.W.3d at 285.

8

without issue, and yet broad enough that each court can retain many of their own unique practices.

In order to preserve the argument that a trial court committed reversible error by failing to strike a juror for cause a litigant must do the following. First, the litigant must move to strike the problematic juror for cause and be denied the strike by the trial court. Then, the litigant must use a peremptory strike to remove the juror from the venire and show in writing on the strike sheet that the peremptory strike was used for that juror,[30] and exhaust all other peremptory strikes.

Next, the litigant is required to clearly write **on her strike sheet** the juror she would have used a peremptory strike on had she not been forced to use the strike on the juror that she believes should have been struck for cause. By requiring this strict compliance with *Gabbard,* we now overrule *Sluss* prospectively, only insofar as it holds that stating would-be peremptory strikes orally on the record constitutes substantial compliance with *Gabbard* and is therefore sufficient to preserve the error.

This reversion is necessary because, as Dr. Floyd argues, *Sluss*'s modification to *Gabbard* inadvertently opened the door for blatant unfairness to arise during the peremptory strike process. Specifically, it allows a litigant to forego writing her strikes down, and instead only identify them orally *after*

---

[30] *Ward v.* Commonwealth, No. 2018-SC-000056-MR, 2019 WL 5677790, at *11 (Ky. Oct. 31, 2019).

the other party has, so to speak, shown its hand by identifying its peremptory strikes. This allows a litigant to manufacture an appealable issue by choosing a juror who was not struck by the other party, thereby increasing the chances that the juror the litigant identifies ultimately sits on the jury. Requiring both sides to make their peremptory strikes concrete by writing them down prior to the parties discussing their strikes with the court safeguards the fairness of this process.

The next requirement to preserve a for cause strike error has never been addressed directly by this Court. Specifically, that the number of jurors a litigant identifies on her strike sheet must be the same number of jurors the litigant originally moved to strike for cause. Failure to abide by this rule will render the error unpreserved.

The need for such a rule is plainly demonstrated in this case. Here, Charlotte only identified one juror to strike for cause: Juror A. But later, Charlotte identified two jurors she would have used peremptory strikes on: Juror 4283 (Juror B) and Juror 4293 (Juror C). When Charlotte identified these jurors Dr. Floyd had already used a peremptory strike on Juror B, and Juror C ultimately sat on the jury. But, as a matter of law, Charlotte was not permitted to request two additional peremptory strikes because she only identified one juror to be struck for cause. The purpose of identifying additional peremptory strikes in the first place is to identify jurors a litigant would have struck **had she not been forced to use them on a juror she believed should have been struck for cause**. Therefore, identifying two

10

jurors she would use peremptory strikes on presupposes Charlotte asked the court to strike two jurors for cause. Accordingly, she was improperly asking the court for an additional peremptory strike. That all parties to a case must have an equal number of peremptory strikes to ensure fairness is clearly codified in this Commonwealth's statutes. For civil cases, Kentucky Rule of Civil Procedure (CR) 47.03(1) directs that "each opposing side shall have three peremptory challenges." Likewise, for criminal cases, Kentucky Rule of Criminal Procedure (RCr) 9.40(1) provides:

> If the offense charged is a felony, the Commonwealth is entitled to eight (8) peremptory challenges and the defendant or defendants jointly to eight (8) peremptory challenges. If the offense charged is a misdemeanor, the Commonwealth is entitled to three (3) peremptory challenges and the defendant or defendants jointly to three (3) peremptory challenges.

Therefore, Charlotte was not entitled to, nor permitted to ask for, this additional peremptory strike.

In addition, under this set of facts it is impossible to determine whether Charlotte's substantive rights were violated. As previously discussed, if a juror the litigant identifies as a would-be peremptory strike does not ultimately sit on the jury, any error the trial court committed is effectively cured. Again, Charlotte was only permitted to identify one additional peremptory strike. If she chose Juror B, the trial court's error would have been cured because Dr. Floyd struck Juror B and therefore Juror B did not sit on the jury. In contrast, if she chose Juror C the error would not have been cured because Juror C sat

11

on the jury. But we have no way of knowing which juror she would have picked if the proper procedure was followed. This further bolsters our conclusion that this error is not properly preserved for our review, and that a one-to-one ratio rule of for cause strikes and would-be peremptory strikes is necessary.

The final box a litigant must check in order to preserve a for cause strike error is to make her would-be peremptory strikes known before the jury is empaneled. And, as already discussed, at least one of the jurors identified by the litigant must ultimately sit on the jury. We also reiterate our previous holding that all of the preceding rules apply in both civil and criminal jury trials.

Based on the foregoing, we hold that Charlotte failed to preserve the error to strike Juror A for cause. Specifically, because Charlotte identified one juror to strike for cause, but stated she would have used peremptory strikes on two jurors. Consequently, we decline to address the error, and reverse the Court of Appeals' holdings to the contrary. Further, we hold that to preserve the error that a trial court failed to strike a juror for cause a litigant must: (1) move to strike the juror for cause and be denied; (2) exercise a peremptory strike on said juror, and show the use of that peremptory strike on the strike sheet, and exhaust all other peremptory strikes; (3) clearly indicate by writing on her strike sheet the juror she would have used a peremptory strike on, had she not been forced to use a peremptory on the juror complained of for cause; (4) designate the same number of would-be peremptory strikes as the number of

jurors complained of for cause; (5) the would-be peremptory strikes must be made known to the court prior to the jury being empaneled; and (6) the juror identified on the litigant's strike sheet must ultimately sit on the jury.

## III.    CONCLUSION

We reverse the Court of Appeals holding that the trial court's alleged error of failing to strike Juror A for cause was properly preserved for appellate review. We hold that a one-to-one ratio of for cause strikes to would-be peremptory strikes is required to preserve a for cause strike error for review. We also prospectively overrule *Sluss v. Commonwealth*'s holding that stating would-be peremptory strikes verbally on the record constitutes substantial compliance with *Gabbard*.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, J.J.; sitting. Minton, C.J.; Hughes, Keller, Lambert and VanMeter, J.J. concur. Wright, J. dissents by separate opinion. Nickell, J., not sitting.

WRIGHT, J., DISSENTING: I dissent, as I would hold Neal properly preserved this issue for our review. Therefore, I would address the issue of whether the trial court abused its discretion by denying Neal's motion to strike a juror for cause. I would affirm the Court of Appeals' result in its entirety and hold that the trial court abused its discretion in denying Appellees' motion to strike a juror for cause.

### 1. Preservation

The majority prospectively overrules the portion of *Sluss* that allows for substantial compliance with *Gabbard* by stating which juror or jurors would

13

have been struck with a peremptory challenge had the trial court granted the for-cause strike. However, given the prospective application, that has no impact on this case. The majority goes on to address the number of jurors listed whom would have been struck with peremptory strikes had the for-cause challenge been granted.

Today, the majority imposes the rule Appellees advocate. The new rule requires litigants to identify precisely the same number of jurors they would have used peremptory challenges on as the number of jurors they challenged for cause. Nothing in our prior jurisprudence requires such a one-to-one ratio. It is inappropriate for the majority to impose the rule it creates today upon Neal. She properly preserved this issue for our review under our precedent as it existed at the time.

Turning to our precedent, the *Gabbard* rule itself states that "in order to complain on appeal that he was denied a peremptory challenge by a trial judge's erroneous failure to grant *a* for cause strike, the defendant must identify on his strike sheet any additional *jurors* he would have struck." 297 S.W.3d at 854 (emphasis added). I point out the structure of the sentence:_"a for cause strike" is singular, while "additional jurors" is plural. Therefore, even the case upon which the majority bases its holding today does not preclude a litigant being denied a single for cause strike and then identifying multiple jurors on whom the litigant would have used peremptory strikes.

I also note that the majority prospectively overrules *Sluss* "only insofar as it holds that stating would-be peremptory strikes orally on the record

constitutes substantial compliance with *Gabbard* and is therefore sufficient to preserve the error." Therefore, it leaves the remainder of *Sluss* intact. Among the portion of *Sluss* left in place is the fact that the Court found the error to be preserved when the defendant stated "if he was granted additional challenges he would have struck *four* additional jurors," one of whom ultimately sat on the jury. 450 S.W.3d at 284-85 (emphasis added). This Court nonetheless held the error to be preserved, reversed Sluss's conviction, and remanded for a new trial. *Id.* at 290. This further refutes Dr. Floyd's contention that a one-to-one ratio rule is required, and to hold otherwise would undermine well-established law.

While this Court has never addressed this issue head-on, we have held that this issue was properly preserved without a one-to-one ratio. Even the language of the *Gabbard* rule would allow a party to name multiple jurors to be names for each juror she alleges should have been stricken for cause. Because Neal complied with existing precedent, she should not now be penalized. Any change in this rule should be prospective.

Furthermore, even had this issue not been preserved (as the majority holds today), the denial of the for-cause strike should still be reversed, as it amounted to a structural error.[31] Structural errors "affect the framework

---

[31] As we have noted, "[t]hough the U.S. Supreme Court has not expressly held that structural errors require reversal when not preserved (and thus "plain error review" applies), it has strongly suggested that this is the case. *See United States v. Marcus*, 560 U.S. 258, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010)." *McCleery v. Commonwealth*, 410 S.W.3d 597, 604–05 (Ky. 2013).

within which the trial proceeds, rather than being simply an error in the trial process itself." *Weaver v. Massachusetts,* 137 S.Ct. 1899, 1907-08 (2017) (internal citations and quotation marks omitted). As such "a structural error def[ies] analysis by harmless error standards." *Id.* The Supreme Court of the United States has stated: "[t]he Constitution guarantees both criminal and civil litigants a right to an impartial jury." *Warger v. Shauers,* 135 S.Ct. 521, 528 (2014). Appellees were denied that Constitutional right here, and that denial amounted to an error affecting the frame work of the trial.

As the Sixth Circuit has held, "[f]ailure to remove biased jurors taints the entire trial." *Wolfe v. Brigano,* 232 F.3d 499, 503 (6th Cir. 2000). "Prejudice is presumed from such a deprivation of a defendant's right to an impartial jury." *Commonwealth v. Douglas,* 553 S.W.3d 795, 799–800 (Ky. 2018). We have held,

> [d]enial of a defendant's right to an impartial jury is a structural error. *Hayes v. Commonwealth,* 175 S.W.3d 574, 586 (Ky. 2005). It is therefore not subject to harmless error analysis, as prejudice is presumed. *See Shane v. Commonwealth,* 243 S.W.3d 336, 341 (Ky. 2007) ("Harmless error analysis is simply not appropriate where a substantial right is involved.").

*Id.* at 799.

Had Neal not been denied the for-cause strike, she would have been able to strike another juror—one who sat on the case. This impacted the very framework in which the trial proceeded, i.e. the trial's structure.

## 2. For-Cause Strike

Because I would hold that the issue was properly preserved (or, in the alternative, that preservation is immaterial as it amounted to structural error), I would also address whether the trial court erred in denying Neal's for-cause strike. During voir dire, Appellees' counsel asked, "[s]o, I need to ask, how many of you have feelings against the non-economic side of damages in general or in a wrongful death case like this?" The juror in question raised her hand. Appellees' attorney then said to the juror, "Okay, you raised your hand. Where are you in it? You've kind of heard, we've got two people that said, 'yeah, it may have an impact, a bit of bias." In response, she said "it's just a slight bias."

Appellees' attorney followed up on the juror's response by asking, "there is a slight bias that could potentially have an impact even though you try your best to put it aside, is that fair?" The juror replied, "I guess so." It is important to note that the juror's statement that she "guessed so" was in response to whether the attorney's characterization of her response was "fair." She made no such equivocation in expressing her bias. Rather, the juror said she had a "slight bias" against non-economic damages. She "guessed" that the attorney's statement that her admitted bias "could potentially have an impact even though [she] would try her best to put it aside" was "fair."

I would hold the trial court abused its discretion in failing to strike a juror for cause who unequivocally admitted she was biased against Appellees' recovery of non-economic damages. This Court has held that

"objective bias renders a juror legally partial, despite his claim of impartiality." *Montgomery v. Commonwealth*, 819 S.W.2d 713, 718 (Ky. 1991)

The juror's statement as to whether that bias "could potentially have an impact" was somewhat equivocal. The juror admitted bias—thus making her "legally partial." She did not even claim impartiality. The record shows a juror making a definitive statement that she was biased against a certain type of damages sought by Appellees.

The trial court noted that this bias was "slight." However, even a slight bias created an unlevel playing field.

Our caselaw is plain on this matter. "A determination whether to excuse a juror for cause lies within the sound discretion of the trial court and is reviewed only for a clear abuse of discretion." *Soto v. Commonwealth*, 139 S.W.3d 827, 848 (Ky. 2004). However,

> We have repeatedly encouraged trial courts to strike a juror when a
>
> reasonable person would question whether the juror would be fair,
>
> because a fair juror is at the heart of a fair and impartial trial. We
>
> have made it clear that "when there is uncertainty about whether a
>
> prospective juror should be stricken for cause, the prospective
>
> juror should be stricken." *Ordway v. Commonwealth*, 391 S.W.3d
>
> 762, 780 (Ky.2013). "[T]hat is, if a juror falls in a gray area, he

should be stricken." *Id.* Further driving home the point, "[w]e reiterate[d] that trial courts should tend toward exclusion of a conflicted juror rather than inclusion, and where questions about the impartiality of a juror cannot be resolved with certainty, or in marginal cases, the questionable juror should be excused." *Id.*

*Basham v. Commonwealth*, 455 S.W.3d 415, 421 (Ky. 2014).

As we held in *Sturgeon v. Commonwealth*, 521 S.W.3d 189, 194 (Ky. 2017), "Rule 9.36(1) mandates the removal of a juror if there is merely 'a reasonable ground to believe' that he cannot render a fair and impartial verdict." Here, the juror's expressed bias amounted to a reasonable ground to believe that she could not render a fair and impartial verdict and she should have been struck for cause. Specifically, the juror in the case at hand was beyond the "gray areas" mentioned in *Ordway* since she unequivocally admitted she had a bias in the case. The trial court abused its discretion in failing to excuse the juror for cause. Appellees were deprived of their Constitutional right to an impartial jury and this case should be reversed and remanded on those grounds.

Neal properly preserved this issue—and, even if she had not, it amounted to structural error which requires reversal. The trial court abused its discretion in failing to excuse the juror for cause. Neal faced a biased jury and this case should be reversed and remanded on those grounds. I would fully affirm the Court of Appeals.

19

COUNSEL FOR APPELLANT:

Donald P. Moloney, II
Sturgill, Turner, Barker & Moloney, PLLC
Lexington, Kentucky

E. Douglas Stephan
Sturgill, Turner, Barker & Moloney, PLLC
Lexington, Kentucky

Stephanie Marie Wurdock
Sturgill, Turner, Barker & Moloney, PLLC
Lexington, Kentucky


COUNSEL FOR APPELLEE:

Kris Douglas Mullins
Morgan & Morgan
Lexington, Kentucky

Daniel Tysen Smith, II
Morgan & Morgan
Louisville, Kentucky

Keith R. Mitnik
Morgan & Morgan
Lexington, Kentucky